UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-02828-KK-KSx** | Date: | May 6, 2026 |
| Title: | ***Brandon McQueen et al. v. Federal National Mortgage Association et al.*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Dominique Carr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:    (In Chambers) ORDER TO SHOW CAUSE Regarding Article III Standing**

## I.
## INTRODUCTION

On February 11, 2026, plaintiff Brandon McQueen ("Plaintiff"),[1] proceeding pro se, filed the operative Second Amended Complaint ("SAC") against defendants Federal National Mortgage Association, First American Title Company, J.P. Morgan Chase Bank, N.A. ("Chase"), Loandepot.com, LLC ("LoanDepot"), and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants").  ECF Docket No. ("Dkt.") 61, SAC.  Plaintiff raises causes of action against for alleged violations of federal and state laws arising from Defendants' failure to recognize purported "negotiable draft[s]" as tender discharging his loan obligations.  Id. ¶¶ 2-3.

## II.
## BACKGROUND

As alleged in the SAC, "the transactions and records at issue [in this case] arise from instruments, accounts, credits, and assignments administered as [California U.S. Person Business Trust of Brandon McQueen ("Trust")] business."  Id. ¶¶ 10, 41.

---

[1] While the SAC also lists "The United States of America" as a plaintiff, see SAC at 1, it is clear the plaintiff in the instant action is plaintiff Brandon McQueen.

On December 14, 2021, Plaintiff obtained a $548,250 loan ("Loan") from defendant LoanDepot to purchase a residential property.  Id. ¶¶ 2, 42.  The Loan was obtained for Trust-related purposes.  See id. ¶ 41 (stating all transactions were "administered as [] Trust business").

As security for the Loan, Plaintiff executed a Promissory Note and a Deed of Trust.  Id. ¶¶ 18-20, 42.  The Promissory Note was "collateral originating from the [] Trust business administered by Plaintiff in a representative capacity."  Id. ¶ 49.  The Promissory Note required that all payments be tendered through either "cash, check[,] or money order."  Id. ¶ 25.

On July 7, 2025, Defendants formally requested that Plaintiff tender payment by no later than August 8, 2025.  Id. ¶ 24.

On September 8, 2025, Plaintiff – expressly acting in his capacity as trustee and a representative of the Trust – executed and attempted to tender payment to the loan servicer, Chase, by mailing two "orders to pay" and a promissory note.  Id. ¶¶ 13, 30-31, 97.  These three "negotiable drafts" were each valued at $600,000.  Id. ¶ 30.

Over the next five months, Defendants "did not substantively respond to Plaintiff['s] tender, did not return the instruments, and did not credit Plaintiff['s] account."  Id. ¶ 34.  Instead, Defendants sent Plaintiff foreclosure notices, reported his account delinquent to consumer reporting agencies, and continued to demand payment.  Id. ¶ 37.

At some point, Plaintiff filed Chapter 7 bankruptcy in the United States Bankruptcy Court.  Id. ¶ 65.  Although the Bankruptcy Court effected an automatic stay, "Chase continued to report adverse information."  Id. ¶¶ 65-67.

On October 24, 2025, Plaintiff commenced the action in this Court.  Dkt. 1.  On February 11, 2026, Plaintiff filed the operative SAC, raising thirteen causes action in his capacity "as [t]rustee" of the Trust – not as his "personal business."  SAC ¶¶ 30, 40-41.

## III.
## LEGAL STANDARD

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "Article III of the Constitution limits the jurisdiction of federal courts to '[c]ases' and '[c]ontroversies.'"  Murthy, 603 U.S. at 56.  "A proper case or controversy exists only when at least one plaintiff establishes that [they] ha[ve] standing to sue."  Id. at 57 (citation modified).  The "irreducible constitutional minimum" of Article III standing consists of: (1) injury in fact, (2) causation, and (3) redressability.  Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)); see also Diamond Alt. Energy, LLC v. Env't Prot. Agency, 606 U.S. 100, 111 (2025).

///

///

///

## IV.
## PLAINTIFF, A NON-ATTORNEY, LACKS STANDING TO BRING CLAIMS ON BEHALF OF A TRUST

### A.    APPLICABLE LAW

A trust must be represented by an attorney at law. C.E. Pope Equity Tr. v. United States, 818 F.2d 696, 697-698 (9th Cir. 1987) (opining a trustee has no right "to present arguments pro se in federal court"); see also Hale Joy Tr. v. C.I.R., 57 F. App'x 323 (9th Cir. 2003). Accordingly, "[a] non-attorney may not represent a trust pro se in an Article III court." Hale Joy Tr., 57 F. App'x at 324. In addition, this Court's Local Rules provide, "[o]nly individuals may represent themselves pro se. No organization or entity of any other kind (including . . . trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1." C.D. Cal. L.R. 83-2.2.2; see, e.g., Nguyen v. Orange Cnty. Soc. Servs. Agency Child. & Fam., No. SACV 22-01880-DOC-PLAx, 2022 WL 15525742, at *1 (C.D. Cal. Oct. 26, 2022) (finding non-lawyer plaintiff lacked standing to bring his claims).

### B.    ANALYSIS

Here, Plaintiff seeks to act on behalf of the Trust and is not an attorney at law. As discussed above, Plaintiff brings this case "as [t]rustee and [b]eneficiary" of the Trust. SAC at 1. Specifically, the SAC expressly states Plaintiff "brings this action in a representative capacity in connection with a public trust/estate administered through a legal persona created by the State of California." Id. ¶ 40. Further, the basis of Plaintiff's claims is Defendants' alleged failure to accept three "negotiable drafts" as payments for the Loan.[2] Id. ¶¶ 2, 18-62. Notably, these purported negotiable instruments were allegedly executed and tendered by Plaintiff in his capacity as "authorized representative" and "trustee" of the Trust, and all transactions in this case were made for "Trust business." Id. ¶¶ 30-31, 41. In fact, the SAC makes clear the transactions at issue in this case do not arise from Plaintiff's affairs as an individual person, rather, "Plaintiff alleges that the transactions and records at issue arise from instruments, accounts, credits, and assignments administered as [] Trust business and not as personal business of the living man." Id. ¶ 41.

Thus, Plaintiff's posture in this case appears to be indistinguishable from other cases – including a similar case filed by Plaintiff – where the action was dismissed because a non-attorney trustee sought to represent a trust. See C.E. Pope Equity Tr., 818 F.2d at 698; Order at 2, McQueen v. Navy Fed. Credit Union, No. EDCV 26-00181-MWF-SKx (C.D. Cal. Apr. 30, 2026), Dkt. 21.

Plaintiff is, therefore, **ORDERED TO SHOW CAUSE in writing by May 13, 2026** why this action should not be dismissed without prejudice because Plaintiff has no authority to appear pro se on behalf of a trust. Alternatively, Plaintiff may confirm he has retained counsel by filing a statement signed by both Plaintiff and his counsel in this matter. **Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice.** See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

---

[2] Plaintiff appears to have mistakenly failed to attach any exhibits to the SAC. See SAC.